**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VIDIEL ANGEL BELLO RODRIGUEZ, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-1188-D |
| DIAMONDBACK INSTALLATION DIRECTOR, *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Vidiel Angel-Bello Rodriguez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States on April 16, 2024 "at a port-of-entry near Brownsville, Texas." [Doc. No. 8, at 2]. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on July 3, 2025, and his removal proceedings are ongoing. *Id.* Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(1). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a). *Id*. at 2-3.

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. On July 23, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 8], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond

hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 9], asserting that Petitioner is properly detained under § 1225(b) and not entitled to a bond hearing. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Respondents assert that § 1225(b)(1) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

Respondents contend that the magistrate judge erroneously classified Petitioner as being detained under § 1226(a) and maintain he is classified as an arriving alien under § 1225(b)(1) due to his arrival at a port of entry in 2024. [Doc. No. 9, at 1].

"The Court has previously 'found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked.'" *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026) (collecting cases) (quoting *Drozdov v. Lyons*,

No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026)); *see also Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) ("[T]his Court has previously recognized, parole under 8 U.S.C. § 1182(d)(5) does not, by itself, revert Petitioner's status back to that of an arriving alien.") (collecting cases). Before his current detention, Petitioner was released on parole pursuant to § 1182(d)(5)(A) for a year, so "it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . 'governs procedures for the inspections of aliens arriving in the United States who have not been admitted or paroled.'" *Rafibaev v. Noem,* No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (quoting *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014), *motion for relief from judgment granted*, No. CIV 14-769 JCH/CG, 2015 WL 7454248 (D.N.M. Sept. 23, 2015)).

Having determined that Petitioner's status does not revert to that of an arriving alien under § 1225(b)(1), Petitioner's re-detention is governed by 8 U.S.C. 1226(a) and Petitioner is therefore entitled to a bond hearing. *Cf. Santillan Quiroz,* 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").[1]

[1] As noted by Chief Judge Palk in *Sukuev,* 2026 WL 2323188, at *2 n.3, the Tenth Circuit left open the question of whether aliens "arrested in the interior may be subject to § 1225(b)(1)(A)." *Santillan Quiroz,* 180 F.4th at 1237 n.6. "However, . . . [this] Court has previously found in circumstances similar to Petitioner that an immigration detainee is not subject to mandatory detention under § 1225(b)(1)" but instead "are subject to the provisions of § 1226(a)." *Sukuev,* 2026 WL 2323188, at *2 n.3.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ACCEPTED on de novo review,** and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part.** Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), **within 7 days of the date of this Order**, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 14th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE